IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>    v.                                          )<br>)<br>SHERRY FANNING and            )<br>KELLY FANNING                    ) | CRIMINAL ACTION NO.<br>    3:08cr61-MHT<br>            (WO) |

OPINION AND ORDER

This case is before the court on the government's motion to continue the trial of defendants Sherry Fanning and Kelly Fanning now set for February 23, 2009. For the reasons set forth below, the motion will be granted as to defendant Kelly Fanning and denied as to defendant Sherry Fanning.

While the granting of a continuance is left to the sound discretion of the trial judge, United States v. Stitzer, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  § 3161(h)(7)(A).  In granting such a continuance, the court shall consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation,

2

taking into account the exercise of due diligence."
§ 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and defendant Kelly Fanning in a speedy trial.  The government's handwriting expert needs additional time to review Kelly Fanning's handwriting and to respond to said defendant's expert's report.  The government indicates that the outcome of such review may be dispositive of the case against said defendant.  This court's decision to grant a continuance is buttressed by the fact that said defendant does not oppose the continuance.

The government provides no basis, however, from which the court may conclude that the ends of justice are served by continuing defendant Sherry Fanning's trial.  Thus, the government's motion must be denied to the extent it seeks to continue the trial of said defendant.

Accordingly, it is ORDERED as follows:

(1) The government's motion for continuance (Doc. No. 45) is granted as to defendant Kelly Fanning and denied as to defendant Sherry Fanning.

(2) The jury selection and trial for defendant Kelly Fanning, now set for February 23, 2009, are reset for June 15, 2009, at 10:00 a.m., at the G.W. Andrews Federal Building and Courthouse, 701 Avenue A, Opelika, Alabama.

(3) The jury selection and trial for defendant Sherry Fanning shall remain as set for February 23, 2009, at 10:00 a.m., at the G.W. Andrews Federal Building and Courthouse, 701 Avenue A, Opelika, Alabama.

DONE, this the 10th day of February, 2009.

    /s/ Myron H. Thompson
  UNITED STATES DISTRICT JUDGE