IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 3:08cr61-MHT |
| SHERRY FANNING | ) | (WO) |

OPINION AND ORDER

A federal jury convicted defendant Sherry Fanning of violating 18 U.S.C. §§ 371 and 1001(a)(2). She was convicted of one count of conspiring to make, and of 11 counts of actually making, false statements about her and her son's income in order to lower monthly Department of Housing and Urban Development payments. On August 17, 2009, she was sentenced to an 8-month term of imprisonment and was instructed to report to the Bureau of Prisons on October 9. On August 17, she also filed a notice of appeal.

On October 8, less than 24 hours before she was to report, Fanning filed a motion asking the court to release her on bond pending her appeal. For the following reasons, her motion will be denied.

The Bail Reform Act of 1984, 18 U.S.C. § 3143, provides that the district court shall order detention of a person who has been convicted and sentenced to a term of imprisonment. Under § 3143, the court presumes that detention is valid despite a pending appeal, and the defendant bears the burden of overcoming that presumption and proving that release is appropriate. Morison v. United States, 496 U.S. 1306 (Rehnquist, Circuit Justice 1988) (release pending cert. petition); United States v. Giancola, 754 F.2d 898, 901 (11th Cir. 1985) (per curium). In order to grant a defendant's motion for release pending appeal, the district court must find:

> "(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; [and]
>
> "(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in-
>
> (i) reversal,

>       (ii) an order for a new trial,
>
>       (iii) a sentence that does not include a term of imprisonment, or
>
>       (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration fo the appeal process."

18 U.S.C. § 3143(b)(1). The burden of proving these elements lies with the defendant. See <u>Giancola</u>, 743 F.2d at 901.

In this case, the court finds that Fanning does not pose a risk of flight or danger, and the court need not decide whether Fanning's appeal is for the purpose of delay as Fanning has not shown that her appeal raises a substantial question of law or fact. The Eleventh Circuit has defined a "substantial question" for the purposes of § 3143 in the following manner:

> "[A] 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way. Further, there are no blanket categories for what questions do or do

> not constitute 'substantial' ones. Whether a question is 'substantial' must be determined on a case-by-case basis."

Giancola, 754 F.2d at 901.

In support of release, Fanning argues that a two-level enhancement for organizing the criminal activity and inducing her son to participate in it under U.S.S.G. § 3B1.1(c) was given in error, because a jury found that her son had deliberate, knowing, and specific intent to join the conspiracy. Basically, Fanning is arguing that she could not have induced her son to join the conspiracy if he was also a willing participant. This argument is completely without merit and is downright frivolous for two reasons. First, Fanning did not receive the two-level enhancement, and thus the question is not only not a "substantial one," it is not a question at all for appeal. Second, even if she had received the enhancement, it would not constitute a "substantial question" of law or fact necessary to support Fanning's release on bond pending her appeal. The evidence

overwhelming supported the conclusions both that she induced her son to join the conspiracy and that he was a willing participant. (Inexplicably, Fanning offers no reason (or apology) for waiting until almost the last minute, and after almost two months, to bring this matter to the court's attention.)

***

Accordingly, it is ORDERED that defendant Sherry Fanning's motion to remain on release pending appeal (doc. no. 98) is denied.

DONE, this the 9th day of October, 2009.

                            /s/ Myron H. Thompson
                            UNITED STATES DISTRICT JUDGE